NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
Rosa M. Morales

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSA M. MORALES, individually and on behalf of all other similarly situated consumers,<br><br>    Plaintiff(s),<br>  vs.<br><br>NATIONAL CREDIT CONTROL AGENCY, INC.,<br><br>    Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Rosa M. Morales (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against National Credit Control Agency, Inc. (hereinafter "Defendant" or "NCCA"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's attempts to collect a debt which have resulted in violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California

Civil Code §§ 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. §227 *et seq.* (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k (d) and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Norwalk, California and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant National Credit Control Agency, Inc. ("Defendant" or "NCCA") is a corporation doing business in the State of California, with its corporate headquarters located at 4032 Wilshire Blvd. Suite 401, Los Angeles, California 90010-3413. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. In 2013 and 2014, Plaintiff allegedly incurred personal medical debts.

7. Plaintiff failed to make payments on the alleged debts at any time.

8. On September 17, 2019, Defendant sent Plaintiff a collection letter (the "Collection Letter") offering to "settle" her debt, and providing a "settlement" amount due. (See Exhibit A Collection Letter).

9. "Settle" is a term of art used during the course of litigation.

10. Defendant alleged in its Collection Letter that Plaintiff has not paid her debt since September 12, 2014.

11. At the time the Collection Letter was sent, Plaintiff's alleged debt was beyond the statute of limitations.

12. California Code of Civil Procedure section 337 provides a limitation of four (4) years on breach of contract.

13. Despite this, Defendant completely failed to advise Plaintiff of this fact, and attempted to collect the debt as though it could still sue Plaintiff for non-payment. This is especially the case here, where Defendant intentionally used settlement language.

14. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014); *see White v. First Step Grp. LLC*, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

15. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## FDCPA CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17. Plaintiff seeks certification of the following class, initially defined as follows:

> **Class: All consumers with a California address that have received collection letters similar to Exhibit A, whose debts are beyond the statute of limitations, from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

19. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers in California, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated or unsophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

31. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

33. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

34. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35. Defendant's Collection Letter is false, deceptive, and misleading, and violates Section 1692e, e(2), and e(10) of the FDCPA.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17

36. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

37. The Rosenthal Act, California Civil Code § 1788.17 ("RFDCPA"), requires every creditor attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

38. Defendant knowingly attempted to collect on a debt past the applicable statute of limitations.

39. Defendant engaged in misleading, deceptive, and unfair debt collection practices as a result of sending this Collection Letter.

40. Defendant's collection attempts violate 15 U.S.C. §1692e, 15 U.S.C. §1692e(2) and §1692e(10), and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17.

41. Defendant's actions were knowing and willful.

42. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Rosa M. Morales, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA and RFDCPA;

    C. Award costs and reasonable attorneys' fees;

    D. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

43. Plaintiff demands a jury trial on all issues so triable.

- 8 -

Dated this 25th day of August, 2020.

Respectfully submitted,

/s/ *Neda Farah*_____
NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
Rosa M. Morales